IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ENID GRUBB,

                Plaintiff,

v.                                                                   Civ. No. 02-1641 JH/ACT

GALE A. NORTON, Secretary, U.S.
DEPT. OF THE INTERIOR, Bureau
of Land Management,

                Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's *Motion to Strike Portions of Defendant's Reply to Plaintiff's Response to Partial Motion to Dismiss, or in the Alternative, Allow Plaintiff to Sur-reply* [Doc. No. 93], as well as Defendant's *Partial Motion to Dismiss* [Doc. No. 77]. With regard to the former, the motion will be granted in part to the extent that the Court has accepted and considered Plaintiff's surreply brief, although the Court denies Plaintiff's request to strike any portion of Defendant's reply brief. With regard to Defendant's partial motion to dismiss, the primary issue before the Court is whether the Court has subject matter jurisdiction over Plaintiff's claims that her 45-day suspension from work and the termination of her employment were the result of unlawful discrimination and retaliation. Because the Court concludes that it lacks jurisdiction, Defendant's partial motion to dismiss will be GRANTED.[1]

---

[1] The Court has determined that oral argument is not necessary to the disposition of these motions.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case comes before the Court with a long and complex procedural history. Plaintiff is a former employee of the Defendant. Beginning in 1989, she worked as a petroleum engineering technician in the Farmington Field Office of the Bureau of Land Management. It appears from the record that Plaintiff has an extensive history over the years of complaints against Defendant for various acts of alleged sexual harassment, hostile work environment, and retaliation. Plaintiff pursued many of these claims before the Equal Employment Opportunity Commission (EEOC), although the details of those proceedings were not provided to the Court. However, what is presently at issue on Defendant's Motion For Partial Dismissal are two specific adverse employment actions taken by the Defendant against Plaintiff: a 45-day suspension from work on March 15, 2000, and the termination of her employment (Plaintiff's "removal") on January 2, 2002. According to her Complaint in this case, Plaintiff alleges that these adverse employment actions were the result of sex discrimination prohibited by Title VII of the Civil Rights Act of 1964.

   A.      **The 45-Day Suspension**

With regard to her 45-day suspension on March 15, 2000, it appears that Plaintiff initially attempted to include that claim within her ongoing EEO complaints. Specifically, on March 22, 2000, Plaintiff filed her second motion to amend her preexisting EEO complaint to incorporate the 45-day suspension, including the sex discrimination claim. Plaintiff's Ex. 1. However, Plaintiff also filed an appeal of the suspension with the Merit Systems Protection Board (MSPB) several months later on October 23, 2000. Plaintiff's Ex. 7. Based upon a review of Plaintiff's appeal form, it appears that the appeal was based (at least initially) on Plaintiff's claim for whistleblowing; it contained no reference to sex discrimination.

On March 12, 2001, the administrative judge at the EEOC (Judge Hodges) held a telephone conference and apparently stated that he did not have jurisdiction over the 45-day suspension. Plaintiff's Ex. 3 at ¶ 1. Shortly thereafter, on March 20, 2001, counsel for Defendant requested that the EEOC dismiss Plaintiff's complaint, arguing that it had "evolved" into a mixed case, that the EEOC lacked jurisdiction to hold a hearing, and that the proper forum was the MSPB.[2] Plaintiff's Ex. 4. Then, on November 19, 2001, Judge Hodges at the EEOC issued a "Judicial Order/Notice of Hearing" denying Plaintiff's second motion to amend her EEOC complaint to add the 45-day suspension. Plaintiff's Ex. 5. As grounds for his decision, Judge Hodges stated that the suspension was appealable to the MSPB and the EEOC was without jurisdiction, and that Plaintiff was collaterally estopped from pursuing the claim before the MSPB.[3] Id. at p. 3. On January 29, 2002, Judge Hodges held a hearing on Plaintiff's EEOC complaint. At that hearing, Judge Hodges again stated that he did not have jurisdiction to adjudicate either the 45-day suspension or Plaintiff's removal and that he had denied Plaintiff's second motion to amend. Plaintiff's Ex. 2.

Meanwhile, back at the MSPB, Plaintiff's case was heard by an administrative judge (AJ),

---

[2] There is substantial confusion in the record regarding whether or not Judge Hodges initially granted or denied Plaintiff's second motion to amend her EEOC complaint to include her 45-day suspension. Plaintiff's Affidavit (Plaintiff's Ex. 1) states that the judge denied the motion on March 12, 2001. However, Defendant's March 20, 2001 "Motion to Dismiss/Remand" (Plaintiff's Ex. 4 at p.6) suggests the contrary, stating that "it was only on [March 12, 2001] that the 45-day suspension and Ms. Grubb's various other Motions to Amend the initial EEOC complaints were granted, thus making the instant proceeding a mixed case complaint." Judge Hodges seems to have agreed with Defendant that he had initially granted the motion to amend, as his written order of November 19, 2001 explicitly states that his previous decision to grant the motion had been erroneous. Plaintiff's Ex. 5 at p. 3. The confusion over whether or not Judge Hodges had initially permitted Plaintiff to amend her EEOC complaint to include the 45-day suspension continued at the January 29, 2002 hearing (Plaintiff's Ex. 2), though the eventual outcome was that the motion was denied.

[3] Defendant has not raised the issue of collateral estoppel here.

3

Judge Salyer. On December 14, 2000, Defendant filed a brief with the MSPB in which it argued that the MSPB did not have jurisdiction over the 45-day suspension because the Plaintiff's filing had been untimely. Plaintiff's Ex. 8 at pp. 3-4. The Court will infer that this motion was denied, because although neither party submitted a copy of the judge's ruling on this argument, it appears from the record that the issue of the suspension went forward in the MSPB, including the discrimination claim. On March 29, 2003, Judge Salyer found in favor of the Defendant. In his written opinion, Judge Salyer stated that Plaintiff had failed to present compelling evidence regarding her claim for discrimination:

> The appellant alleges that the agency suspended her for 45 calendar days because of her sex. However, *I find that the appellant has failed to present any compelling evidence concerning her claim of sex discrimination.* More specifically, while the appellant generally claims that she has been treated disparately from male employees, *she has not identified any male employees who committed misconduct of the types committed by her who were not similarly disciplined*. In addition, while the appellant also claims generally that she was employed in a work environment allegedly hostile to females, *she has not shown any connection between her work environment and the sustained charges of misconduct, supra.... Thus, I need not address the appellant's discrimination claim in this appeal. A bare allegation of discrimination, without supporting evidence, is insufficient to constitute a prima facie showing of discrimination*.

Defendant's Ex. A at pp. 14-15 (emphasis added). These statements by Judge Salyer suggest that Plaintiff's case before the MSPB included both her suspension and her discrimination claims, and therefore was mixed. It should be noted that Plaintiff argues that Judge Salyer was mistaken in his assertion that Plaintiff had brought her discrimination claim before the MSPB. Unfortunately, neither party has provided the Court with evidence that illuminates this issue. For example, Plaintiff has not provided the Court with any evidence that she objected to or appealed Judge Salyer's determination

4

that she had brought her discrimination claim before the MSPB but failed to present adequate evidence in support of it.

On April 25, 2003, Plaintiff appealed Judge Salyer's decision to the full board of the MSPB. Then, on June 22, 2004, the board issued its decision affirming the AJ. In its opinion, the board observed that during the adjudication of her appeal, Plaintiff had added a claim of discrimination and that she was not challenging Judge Salyer's determination that she had failed to prove such a charge. *Grubb v. Dept. of the Interior*, 96 M.S.P.R. 377, 2004 WL 1416303 ¶ ¶ 6, 10 (June 22, 2004). If, as Plaintiff claims, Judge Salyer had erroneously found that she had raised and then dropped her discrimination claim, one would expect that Plaintiff would have raised that in her appeal to the full board of the MSPB.

### B. Plaintiff's Removal

Plaintiff's removal appears to have occurred in three separate stages: an initial "threat" of removal, formal notice of proposed removal, and the actual removal itself. First, on July 16, 2001, Plaintiff received a memorandum from Defendant. Although that memorandum does not appear in the record, references to it in other parts of the record suggest that it contained a "threat" to remove Plaintiff from her position. *See* Plaintiff's Ex. 6. On July 23, 2001, Plaintiff filed her "Fifth Motion To Amend Complaint" with the EEOC, hoping to add the July 16, 2001 memorandum and its "threat" to her ongoing EEOC action. Id. In a November 19, 2001 "Judicial Order/Notice of Hearing," Judge Hodges ruled that this threat of removal was not appealable to the MSPB, and he granted Plaintiff's fifth motion to amend. Plaintiff's Ex. 5. However, at his January 29, 2002 hearing, Judge Hodges reversed himself and denied Plaintiff's fifth motion to amend on the grounds that he did not have jurisdiction to adjudicate the removal itself, and therefore did not have jurisdiction over

the threat of removal.[4]  *See* Plaintiff's Ex. 2.

On October 9, 2001, Plaintiff received a notice informing her that Defendant was *proposing* that she be removed from her position.  Again, this notice is not in the record before the Court, but there are references to such notice.  *See, e.g.*, Plaintiff's Ex. 9 at pp. 2, 5.  In response to the notice of proposed removal, on October 29, 2001, Plaintiff filed an appeal with the MSPB.  Id.  In that document, Plaintiff alleges that the proposed removal was in retaliation for her whistleblowing activities; there is no reference in that document to sex discrimination.  Id.  At some point, Plaintiff also filed a motion in the EEOC to amend her EEOC complaint to include the notice of proposed removal ("sixth motion to amend").  *See* Plaintiff's Ex. 3 at ¶ 3.

The Defendant actually removed Plaintiff from her position on January 2, 2002.  Plaintiff filed an appeal of that action with the MSPB on January 3, 2002.  *See* Defendant's Ex. B at p. 1. Unfortunately, this appeal form is not in the record before the Court, so it is impossible to determine whether or not Plaintiff included a claim of discrimination at the outset of that appeal.  Then, on January 29, 2002, Judge Hodges held a hearing on Plaintiff's EEOC complaint.  At that hearing, Judge Hodges stated that he did not have jurisdiction to adjudicate Plaintiff's removal (perhaps because Plaintiff had filed an appeal of her removal with the MSPB, although there is no evidence that this was the basis for his decision).  Plaintiff's Ex. 2.  However, the portion of the hearing transcript provided to the Court contains no ruling specific to the sixth motion to amend, which ostensibly would have brought Plaintiff's removal into the EEOC action.

Meanwhile, at the MSPB, Judge Salyer issued his May 6, 2002 Order Summarizing

---

[4]It appears that neither this alleged "threat" of removal nor the subsequent notice of proposed removal is the subject of Defendant's motion presently before the Court, but rather only the actual removal itself.

Prehearing Conference, stating: "The appellant stipulated that she is not claiming that her removal was based on either sex discrimination or reprisal against her for filing discrimination complaints. The appellant is alleging that she was removed in reprisal for whistleblowing." Defendant's Ex. C at p. 2. On April 2, 2003—almost one year later—Judge Salyer found in favor of the Defendant. Judge Salyer observed that Plaintiff had dropped her sex discrimination claim in connection with her appeal, stating: "During the processing of the appeal, the *appellant expressly dropped the sex discrimination claim* that she had raised in her appeal. *See, e.g.*, Removal Appeal File, Tab 38. Therefore, the foregoing claim will not be addressed in this analysis." Defendant's Ex. B at p. 10, n.5 (emphasis added). The record does not reveal at what point during the MSPB proceedings Plaintiff had raised and then dropped her sex discrimination claims. In addition, Plaintiff has not presented any evidence that Judge Salyer's characterization of events is inaccurate.

Then, on May 5, 2003, Plaintiff appealed Judge Salyer's decision to the full board of the MSPB. Defendant's Ex. E. On June 18, 2004, the MSPB affirmed the AJ's decision regarding Plaintiff's removal from her position. *Grubb v. Dept. of the Interior*, 96 M.S.P.R. 361, 2004 WL 1416296 (June 18, 2004). The board's decision contains no mention of a sex discrimination claim by Plaintiff, nor does it suggest that Plaintiff argued to the MSPB that Judge Salyer had erred when he stated that she had raised and then dropped her sex discrimination claim.

## II.   DISCUSSION

Federal employees asserting Title VII claims must exhaust their administrative remedies as a precondition to filing a civil action in federal district court. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). A federal employee who asserts claims of unlawful discrimination in conjunction with a challenge to an adverse employment action

(a so-called "mixed" case) may either file an EEO complaint with the employing agency or, alternatively, she may appeal directly to the MSPB, but not both. 5 U.S.C. § 7702(a); 29 C.F.R. § 1614.302(b); 5 C.F.R. §§ 1201.151-1201.157. Whichever action is taken first is considered an election to proceed in that forum. 29 C.F.R. § 1614.302(b). An employee who initially chooses to file an EEO mixed case complaint may, after 120 days have passed without a judicially reviewable action by the agency, appeal the matter to the MSPB and transfer the administrative review to that agency. 5 U.S.C. § 7702(e)(2).

The administrative exhaustion requirement applies regardless of which administrative path the federal employee elects. If the employee chooses to go the EEO route, she simply files a complaint with the EEO department of the employing agency. 29 C.F.R. §§ 1614.105(a)(1), 1614.106(a) and 1614.108. The EEO officer conducts an investigation and comes to a conclusion. The employee can then file an appeal to the EEOC and thereafter proceed to federal court, without the obligation to present evidence to an Administrative Judge in order to exhaust her administrative remedies. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.401 and 1614.407. If the employee chooses to appeal to the MSPB, however, the employee will have a hearing at which he or she must raise her claims of discrimination and present evidence in support of those claims in order to exhaust the administrative remedy. *McAdams v. Reno*, 64 F.3d 1137, 1142-44 (8th Cir. 1995); *Williams v. Rice*, 983 F.2d 177, 180 (10th Cir. 1993); *Chaney v. Rubin*, 986 F. Supp. 516, 522 (N.D. Ill. 1997). The MSPB is authorized by 5 U.S.C. § 7702(a)(1) to review both the adverse action as well as the unlawful discrimination claims. The decision of the MSPB becomes a judicially reviewable action on the date it is issued. 5 U.S.C. § 7702(a)(3)(A).

Review of a MSPB determination which does not involve claims of unlawful discrimination

(that is, if the case is not "mixed") is conducted by the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(d); 28 U.S.C. § 1295(a)(9); *see also Long v. United States Department of Air Force*, 751 F.2d 339, 342 n.2 (10th Cir. 1984); *Wall v. United States*, 871 F.2d 1540, 1542 (10th Cir. 1989). However, when an appeal to the MSPB involves claims of unlawful discrimination related to or stemming from the employment action, it is considered a "mixed" appeal. 29 C.F.R. 1614.302(a)(1); *see Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993); *Williams v. Dept. of Army*, 715 F.2d 1485, 1488 (Fed. Cir. 1983); *Hill v. Dept. of Air Force*, 796 F.2d 1469, 1470 (Fed. Cir. 1986); *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995). Review of MSPB determinations in "mixed" cases lies solely in a district court. *See* 5 U.S.C. § 7703(b)(2); *Coffman v. Glickman*, 328 F.3d 619, 625 (10th Cir. 2003); *Williams*, 983 F.2d at 179-80; *Wells v. Shalala*, 228 F.3d 1137, 1143 (10th Cir. 2000). *See also Harms v. IRS*, 321 F.3d 1001, 1005 (10th Cir. 2003); *Christo v. Merit Systems Protection Board*, 667 F.2d 882, 884 (10th Cir. 1981); *Wall*, 871 F.2d at 1542-43.

It is within this legal framework that the Court must determine whether it has jurisdiction to hear Plaintiff's claims relating to her 45-day suspension and the termination of her employment. The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction—in this case, on Plaintiff. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

### A.     Plaintiff's 45-Day Suspension

The record in this case shows that Plaintiff chose the MSPB as the forum in which to appeal her 45-day suspension. Although on March 22, 2000, Plaintiff had filed her second motion to amend her preexisting EEO complaint to incorporate the 45-day suspension, that motion was denied, and

9

as a result the suspension never became part of the EEOC proceeding. Furthermore, while her motion to amend was still pending at the EEOC, Plaintiff took the affirmative step of filing an appeal of the suspension with the MSPB on October 23, 2000, well before the EEOC's administrative judge ever ruled on Plaintiff's request to amend. In so doing, Plaintiff chose the MSPB as her forum in which to adjudicate this claim.

The record also shows that the MSPB was prepared to adjudicate both the propriety of Plaintiff's suspension as well as her discrimination claim. Therefore, the action in the MSPB was "mixed." In his March 29, 2003 written opinion, Judge Salyer addressed both the suspension and the discrimination issues, though he found that at the hearing Plaintiff had failed to present "compelling" evidence regarding her claim for discrimination. Specifically, the judge found that Plaintiff had failed to present evidence of similarly situated males who had not been disciplined for conduct similar to Plaintiff's conduct. The judge concluded that "A bare allegation of discrimination, without supporting evidence, is insufficient to constitute a prima facie showing of discrimination."

Thus, the question before the Court is whether Plaintiff has exhausted her administrative remedies with regard to her claim that the 45-day suspension was the result of sex discrimination in violation of Title VII of the Civil Rights Act of 1964. This case is similar to that in *McAdams v. Reno*, 64 F.3d 1137 (8th Cir. 1995). In that case, McAdams' action began as a mixed case complaint with the EEO department of the Department of Justice. *Id*. at 1142. After 120 days passed without an EEO decision, McAdams was authorized to file an MSPB appeal, and she did so. *Id*. At that point, all of her claims were transferred to the MSPB, and she was required to exhaust her remedies there before filing a lawsuit. *Id*. At a hearing before an MSPB administrative judge, the Plaintiff failed to pursue her discrimination claims. *Id*. at 1141. The court concluded that it lacked jurisdiction

because Plaintiff had failed to exhaust her administrative remedies: "[plaintiff] abandoned her Title VII claims before the MSPB. She cannot now assert them in a separate civil action. The statutory scheme for mixed cases does not confer federal court jurisdiction over such claims." *McAdams*, 64 F.3d at 1142.

Plaintiff argues that the administrative law judge erred when he ruled that she had raised her discrimination claim in that forum. However, beyond that bare argument, Plaintiff has not provided the Court with any evidence of such error, as is her obligation to do as the party asserting jurisdiction. For example, Plaintiff has not provided the Court with any evidence that she objected to or appealed Judge Salyer's determination that she had brought her discrimination claim before the MSPB but failed to present adequate evidence in support of it. In fact, the MSPB observed that during the adjudication of her appeal, Plaintiff had added a claim of discrimination and that she was not challenging Judge Salyer's determination that she had failed to prove such a charge. *Grubb v. Dept. of the Interior*, 96 M.S.P.R. 377, 2004 WL 1416303 ¶ ¶ 6, 10 (June 22, 2004).

In the face of the piecemeal factual record presently before it, the Court is forced to conclude that it lacks jurisdiction over Plaintiff's 45-day suspension because Plaintiff failed to exhaust her administrative remedies in her mixed-case appeal to the MSPB. *McAdams v. Reno*, 64 F.3d 1137, 1142-44 (8th Cir. 1995); *Williams v. Rice*, 983 F.2d 177, 180 (10th Cir. 1993) ("By failing to raise the race discrimination claim before the ALJ, Plaintiff was precluded from raising it on his petition for review or at the district court level."). The exhaustion of administrative remedies is a jurisdictional prerequisite to a suit alleging federal employment discrimination. *Johnson v. Orr*, 747 F.2d 1352, 1356 (10th Cir.1984).

### B.       Plaintiff's Removal

Once again, the record of the contents of Plaintiff's MSPB appeal is rather sketchy. Because Plaintiff's appeal form is not in the record before the Court, it is impossible to determine whether or not Plaintiff included a claim of discrimination at the outset of her appeal. However, we do have Judge Salyer's May 6, 2002 Order Summarizing Prehearing Conference, which states that Plaintiff stipulated that she was not claiming that her removal was based on either sex discrimination or reprisal against her for filing discrimination complaints, but rather in reprisal for whistleblowing. Defendant's Ex. C at p. 2.  We also have Judge Salyer's April 2, 2003, opinion in which he observed that Plaintiff had "dropped" her sex discrimination claim in connection with her appeal. Defendant's Ex. B at p. 10, n.5.  This suggests that Plaintiff had at some point claimed that her removal was based upon sex discrimination, although the record does not reveal when Plaintiff she may have asserted such a claim.  Beyond this, the Court has only the Plaintiff's bare argument that Judge Salyer erred when he stated that Plaintiff had raised and then dropped her sex discrimination claim.

As with the Plaintiff's 45-day suspension, there is no suggestion in the record that Plaintiff argued to the MSPB that Judge Salyer had erred when he stated that she had raised and then dropped her sex discrimination claim. In fact, there is no evidence in the record whatsoever to discredit Judge Salyer's conclusion on this issue.  Once again, Plaintiff bears the burden to prove that she has exhausted her administrative remedies and that this Court has jurisdiction.  She has failed to do so, and therefore Defendant's motion to dismiss should be granted.

### C. Judicial Estoppel

Plaintiff argues that the Defendant argued to both the EEOC administrative judge and the MSPB that they lacked jurisdiction to hear her claim regarding her 45-day suspension.[5] Plaintiff argues that Defendant, having won on that argument, successfully blocked her from exhausting her administrative remedies in those forums and may not now claim that this Court lacks jurisdiction because of Plaintiff's failure to exhaust.

Judicial estoppel is a discretionary remedy courts may invoke "to prevent the perversion of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (quoting *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990)). Several factors aid a court in determining when to apply judicial estoppel. "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Id*. (citations omitted). Second, "whether the party has succeeded in persuading a court to accept that party's earlier position so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was mislead.'" *Id*. (quoting *Edwards v. Aetna Life Ins. Co*., 690 F.2d 595, 599 (6th Cir. 1982)). Third, "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id*. at 751, 121 S.Ct. 1808.

For quite some time, the Tenth Circuit has taken a minority position in rejecting the principle of judicial estoppel. *See, e.g., United States v. 162 Megamania Gambling Devices*, 231 F.3d 713, 726 (10th Cir. 2000). However, after the Supreme Court's decision in *New Hampshire v. Maine*, it

---

[5]Although in her briefs Plaintiff does not specifically limit this argument to the 45-day suspension, there is no evidence in the record that Defendant argued that either the EEOC or the MSPB lacked jurisdiction to hear her claim regarding her removal.

is quite possible that the Tenth Circuit would reconsider its position on the issue. *See Beem v. McKune*, 317 F.3d 1175, 1186 (10th Cir. 2003) (O'Brien, J., concurring) ("Now is the time to embrace the invitation extended by the Supreme Court in *New Hampshire* and join other circuits in reining in those litigants who play fast and loose with the courts.").

Thus, the Court will examine the facts of this case to determine whether the doctrine of judicial estoppel applies. On March 20, 2001, counsel for Defendant asked the EEOC to dismiss Plaintiff's complaint regarding her 45-day suspension, arguing that it had "evolved" into a mixed case, that the EEOC lacked jurisdiction to hold a hearing, and that the proper forum was the MSPB. On December 14, 2000, Defendant filed a brief with the MSPB in which it argued that the MSPB did not have jurisdiction over the 45-day suspension because the Plaintiff's filing had been untimely.[6]

Apparently Defendant's argument to the MSPB that it lacked jurisdiction failed, because Plaintiff's case went forward in that forum. An essential element of judicial estoppel is that the party to be estopped must have succeeded in persuading a court to accept that party's earlier position. *New Hampshire v. Maine*, 532 U.S. at 750. However, it does not appear that Defendant was successful in persuading Judge Salyer that Plaintiff could not air her discrimination claims before him. In fact, it appears from the record that Plaintiff had an opportunity to present her discrimination claim in that forum, but she failed to do so. Accordingly, judicial estoppel does not apply here.

### D.   Equitable Estoppel

The Tenth Circuit has explained the principle of equitable estoppel as follows:

> To state a claim of estoppel against a private party, a litigant must establish four elements:(1) the party to be estopped must know the

---

[6] As far as the Court can tell, these comprise all of the arguments by counsel for the Defendant upon which Plaintiff bases her argument regarding judicial estoppel.

>   facts; (2) the party to be estopped must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to his injury. A claim of estoppel against the government requires an additional element: the party asserting estoppel must show that the government has engaged in "affirmative misconduct."

*Rios v. Ziglar*, 398 F.3d 1201, 1208 (10th Cir. 2005) (internal citations omitted).

Based on the foregoing facts, the Court finds neither misrepresentation or affirmative misconduct by Defendant nor reasonable reliance by the Plaintiff nor ignorance of the true facts by the Plaintiff. The principles of equitable estoppel have not been met in this case.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's *Motion to Strike Portions of Defendant's Reply to Plaintiff's Response to Partial Motion to Dismiss, or in the Alternative, Allow Plaintiff to Sur-reply* [Doc. No. 93] is GRANTED IN PART and DENIED IN PART as further explained herein;

(2) Defendant's *Partial Motion to Dismiss* [Doc. No. 77] is GRANTED;

(3) Plaintiff's sex discrimination claims based upon her 45-day suspension and her removal from her employment are DISMISSED; and

(4) Plaintiff's remaining claims are unaffected by this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE